# Exhibit A

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Williamson COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | O.C., on behalf of a class<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/Respondents. | YOTI (USA) INC.<br>**Defendant / Respondent** *(First, middle, last name)* | 2022LA139<br>**Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.<br><br>E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.<br><br>Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|
| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.<br><br>If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |

| In **1a**, enter the name and address of a Defendant/Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | **1.** **Defendant/Respondent's address and service information:**<br> a. Defendant/Respondent's primary address/information for service:<br> Name *(First, Middle, Last)*:  YOTI (USA) INC.<br> Registered Agent's name, if any:  BORIS Z LIEBERMAN<br> Street Address, Unit #:  345 GROVE ST<br> City, State, ZIP:  SAN FRANCISCO, CALIFORNIA 94102<br> Telephone: _____  Email: _____ |
|---|---|
| In **1b**, enter a second address for Defendant/Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here:<br> Name *(First, Middle, Last)*: _____<br> Street Address, Unit #: _____<br> City, State, ZIP: _____<br> Telephone: _____  Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/Respondent. | c. Method of service on Defendant/Respondent:<br> ☐ Sheriff    ☐ Sheriff outside Illinois: _____<br>                                                    *County & State*<br> ☐ Special process server    ☐ Licensed private detective |

SU-S 1503.2                                    Page 1 of 4                                    (06/21)

Enter the Case Number given by the Circuit Clerk: 2022LA139

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2. Information about the lawsuit:**<br>Amount claimed: $ 50,000.00 + (to be determined) |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):* MCGUIRE LAW, P.C.<br>Street Address, Unit #: 55 WEST WACKER DRIVE, 9TH FLOOR<br>City, State, ZIP: CHICAGO, ILLINOIS 60601<br>Telephone: 3128937002    Email: AHELDUT@MCGPC.COM |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons.*<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4. Instructions for person receiving this *Summons* (Defendant):**<br>☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: Williamson County Courthouse, 200 West Jefferson Street<br>City, State, ZIP: Marion, Illinois 62959 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | ☐ b. Attend court:<br>On: _____ at _____ ☐ a.m. ☐ p.m. in _____<br>　　 *Date* 　　　 *Time* 　　　　　　　　 *Courtroom*<br>**In-person at:**<br><br>_____<br>*Courthouse Address* 　 *City* 　　　　　 *State* 　 *ZIP* |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | OR<br>**Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>　　 By telephone: _____<br>　　　　　　　 *Call-in number for telephone remote appearance*<br>　　 By video conference: _____<br>　　　　　　　　　　 *Video conference website*<br>　　 _____<br>　　 *Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>　　　　　　　　　　 *Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>　 *Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | 　　　　　　　　 12/1/2022<br>Witness this Date: _____<br><br>Clerk of the Court: _____ |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>　　　 *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

*(Circuit Court Seal — FIRST JUDICIAL CIRCUIT, WILLIAMSON COUNTY, ILLINOIS, Seal of Court)*

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Williamson          COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | O.C., on behalf of a class | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. | |
| | YOTI (USA) INC. | |
| | **Defendant / Respondent** *(First, middle, last name)* | 2022LA139 |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
　　　　　　　　*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

　　　　☐ Personally on the Defendant/Respondent:

　　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____

　　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

　　　　Address, Unit#: _____

　　　　City, State, ZIP: _____

　　　　☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family

　　　　member or lives there:

　　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

　　　　Address, Unit#: _____

　　　　City, State, ZIP: _____

　　　　And left it with: _____
　　　　　　　　　　　　*First, Middle, Last*

　　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____

　　　　and by sending a copy to this defendant in a postage-paid, sealed envelope to the

　　　　above address on _____ , 20 _____ .

　　　　☐ On the Corporation's agent, _____
　　　　　　　　　　　　　　　　　*First, Middle, Last*

　　　　Male ☐　Female ☐　Non-Binary ☐　Approx. Age: _____ Race: _____

　　　　On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

　　　　Address: _____

　　　　City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 2022LA139

☐ **I was not able to serve the** *Summons* **and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

2. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

3. On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   Other information about service attempt: _____
   _____
   _____
   _____

| DO NOT complete this section. The sheriff or private process server will complete it. |
| --- |

**If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the** *Proof of Service of Summons* **is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.**

| Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony. |
| --- |

**By:**

_____

*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

**FEES**

| | |
| --- | --- |
| Service and Return: | $ _____ |
| Miles _____ | $ _____ |
| Total | $ 0.00 |

_____
*Print Name*

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 11/29/2022 11:02 PM
Justin Maze

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## WILLIAMSON COUNTY, ILLINOIS

| | |
|---|---|
| O.C., a Minor, by and through her Guardian ALLISON PAPE, individually and on behalf of all similarly situated individuals,<br><br>   *Plaintiff*,<br><br>     v.<br><br>YOTI (USA) INC., a California corporation,<br><br>   *Defendant.* | No. **2022LA139**<br><br>Hon.<br><br>**Jury Trial Demanded** |

## CLASS ACTION COMPLAINT

Plaintiff O.C., a Minor, by and through her Guardian Allison Pape ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendant Yoti (USA) Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.  BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.      This case is about an internet-based identity and age verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3.      In an effort to facilitate identity and age verification for its customers who require swift verification and onboarding solutions, Defendant collects consumers' biometrics in the form of facial scans so it can verify their ages and identities.

4.      Consumers who seek to purchase and/or use services from Defendant's customers are required to undergo Defendant's identity and age-verification process. This involves undergoing a biometrically-enabled liveness detection check where users are asked to make simple movements to the camera such as turning their head left or right (i.e. "video selfie") to help detect whether the user is a real person.

5.      When the video selfie is sufficient, Defendant's liveness detection check performs a face scan and extracts a biometric template. Defendant then uses further facial analysis technology, which extracts biometric information from a user's facial image (i.e. a "selfie"), to return an age verification. Together, these processes enable Defendant to conduct both identity verification and age verification on behalf of its clients ("Age Estimation and Anti-Spoofing").

6.      Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial scans, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

2

    a.  inform that person in writing that biometric identifiers or biometric information will be collected or stored;

    b.  inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

    c.  receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

7.    In addition, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c), (d).

8.    Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

9.    Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

10.    BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold his/her most sensitive information and on what terms.

11.    BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates

the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

12.     Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial scanning program.

13.     Defendant collects facial scans of its clients' customers in Illinois without first obtaining those individuals' informed written consent and without providing written disclosures regarding its purpose for collecting their biometrics and disclosing its retention practices, as required by BIPA.

14.     Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing her biometrics, and those of hundreds of other consumers throughout the state of Illinois.

15.     On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

16.     Defendant Yoti (USA) Inc. is a California corporation that conducts and transacts business throughout the state of Illinois, including in Williamson County, Illinois, and knowingly transacts with Illinois residents.

17.     At all relevant times, Plaintiff has been a resident and citizen of Williamson County and the state of Illinois.

4

## JURISDICTION AND VENUE

18.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

19.     Venue is proper in Williamson County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Williamson County and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Williamson County.

## FACTUAL BACKGROUND

20.     In order to provide its clients with identity and age verification services, Defendant Yoti developed various proprietary biometrically-enabled Application Programming Interfaces (or "APIs").

21.     Defendant incorporates its identify and age verification platforms into its clients' mobile or internet-based applications, where it collects and analyzes individuals' facial biometrics in order to verify their identities and ages.

22.     Defendant's technology performs its identity and age verification by requiring the user to undergo a liveness check, a "video selfie," *i.e.* a live picture of the user's face, from which Defendant obtains a separate facial biometric template through a facial scan. Defendant then uses "a selfie," *i.e.* a facial image generated, to perform further facial analysis via its neural networks and confirm the age of the user. These processes are both integrated into one of Defendant's API products called "Age Estimation and Anti-Spoofing."

5

23.     In fact, Defendant admits to using and processing of biometrics, including facial scan data, for its Age Estimation and Identity Verification products.[1] Defendant states that biometric templates are generated by these products and may require deletion.[2]

24.     In 2022, Instagram, one of Defendant's clients doing business in Illinois that requires a fast-onboarding and verification process for its users, started requiring certain account users (many of whom are minors) to undergo an identity, age, and liveness verification process.

25.     In Spring of 2022, Plaintiff was locked out of her Instagram account and in order for Plaintiff to regain access, Plaintiff, while in Illinois, was required to submit a "video selfie" to Defendant's identity and age verification platform integrated into Instagram's mobile application:



---

[1] https://www.yoti.com/terms/biometrics-policy-us/ [last accessed on November 28, 2022]
[2] https://www.yoti.com/terms/age-verification/organisations/ [last accessed on November 28, 2022]

26.     Using its proprietary facial scanning technology, Defendant collected, stored, and analyzed Plaintiff's biometric facial template, and also collected, stored and analyzed her biometric information to verify her age.

27.     On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third parties, including vendors and contractors it uses for data processing and data storage purposes, but Defendant failed to obtain Plaintiff's consent to do so as required by 740 ILCS 14/15(d).

28.     Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection or capture of her biometrics as required by 740 ILCS 14/15(b). Defendant also failed to provide Plaintiff with written disclosures informing her of the specific purpose and length of term for which her biometrics were being collected.

29.     Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiff and the other Class members, as, on information and belief, Defendant is paid by its clients for access to Defendant's facial scanning platform on a per-biometric-verification basis, such that Plaintiff's and other Illinois residents' biometric data is an essential element of Defendant's business, in violation of 740 ILCS 14/15(c).

30.     Defendant's violations of BIPA are particularly egregious because Defendant advises prospective clients about privacy laws and regulations. Thus, Defendant knows that its collection of sensitive personal information such as biometrics subjects it to privacy laws like BIPA, but Defendant has nonetheless failed to comply.

31.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

32.    Plaintiff brings this action on behalf of herself and similarly situated individuals

pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used,
> transmitted, and/or disseminated by Defendant or its technology within the state of
> Illinois any time within the applicable limitations period.

33.    Excluded from the Class are any members of the judiciary assigned to preside over

this matter; any officer or director of Defendant; and any immediate family member of such

officers or directors.

34.    Upon information and belief, there are at least hundreds of members of the Class,

making the members of the Class so numerous that joinder of all members is impracticable.

Although the exact number of members of the Class is currently unknown to Plaintiff, the members

can be easily identified through Defendant's records.

35.    Plaintiff's claims are typical of the claims of the members of the Class she seeks to

represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other

members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff

and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of

Defendant's BIPA violations.

36.    There are many questions of law and fact common to the claims of Plaintiff and the

Class, and those questions predominate over any questions that may affect individual members.

Common questions for the Class include, but are not limited to, the following:

> a.    Whether Defendant collects, captures, stores, uses, or disseminates the biometrics
>
> of the members of the Class;

b.  Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

c.  Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected and used before collecting such biometrics;

d.  Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;

e.  Whether Defendant's conduct violates BIPA;

f.  Whether Defendant's violations of BIPA are willful or reckless;

g.  Whether Defendant's violations of BIPA are negligent; and

h.  Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

37.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

38.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

39.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class)

40.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41.     Defendant is a private entity under BIPA.

42.     As described above, Plaintiff and the Class members had their biometric identifiers, in the form of their facial scan, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.

43.     Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity and age verification service without obtaining their informed written consent and without complying with BIPA.

44.     Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their written consent to do so.

45.     Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

      a.  Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or

10

storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3); and

e. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

46.    As alleged herein, Defendant also unlawfully profited from the facial biometrics it obtained from its clients, including Plaintiff and the other Class members, as Defendant was paid by its clients for their use of Defendant's biometric verification platform on a per-verification basis, such that biometrics constituted a necessary element of Defendant's for-profit model. 740 ILCS 14/15(c).

47.    By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff their respective rights to biometric information privacy, as set forth in BIPA.

48.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

11

49.    Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Defendant knows that its business model and collection of sensitive consumer data subject it to various privacy regimes, but Defendant has nonetheless ignored BIPA's requirements. Alternatively, Defendant negligently failed to comply with BIPA's disclosure and consent requirements.

50.    Accordingly, with respect to Count I, Plaintiff, on behalf of herself through her Guardian, and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

    a.    Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b.    Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

    d.    Awarding statutory damages in excess of $50,000, including $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2), and $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

e.    Awarding reasonable attorneys' fees, costs, and other litigation expenses
pursuant to 740 ILCS 14/20(3);

f.    Awarding pre- and post-judgment interest, as allowable by law; and

g.    Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: November 29, 2022                  Respectfully submitted,

O.C., a Minor, by and through her Guardian
ALLISON PAPE, individually and on behalf of all
similarly situated individuals

By:    /s/ Andrew T. Heldut
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Colin P. Buscarini (ARDC #6332509)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

FILED
Williamson Co. Circuit Court
1st Judicial Circuit
Date: 11/30/2022 9:59 PM
Justin Maze

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## WILLIAMSON COUNTY, ILLINOIS

| | |
|---|---|
| O.C., a Minor, by and through her Guardian ALLISON PAPE, individually and on behalf of all similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> YOTI (USA) INC., a California corporation, <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 2022LA139

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff O.C., a Minor, by and through her Guardian Allison Pape, by and through her undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated: November 30, 2022

Respectfully Submitted,

O.C., a Minor, by and through her Guardian ALLISON PAPE, individually and on behalf of all similarly situated individuals

By:     /s/ Andrew T. Heldut
          *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Colin P. Buscarini (ARDC #6332509)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of individuals whose biometric identifiers and biometric information were captured, collected, stored, and used by Yoti (USA) Inc. ("Defendant") in Illinois. Defendant, an online identity & age verification solutions business, by relying on new technologies, including biometrically-enabled technologies for identity and age verification purposes, has violated Illinois law by capturing, collecting, storing and using individuals' biometrics without obtaining proper consent and by transmitting said biometrics to third parties without the consent of Plaintiff or the putative class. After Plaintiff learned of Defendant's wrongful conduct, she brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for all persons injured by its conduct.

I.    **INTRODUCTION: BIPA**

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include face scans, voice prints, handprints, fingerprints and palm scans; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 1.) In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for

which such biometric identifiers or biometric information is being captured, collected, stored, and used; and (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information. 740 ILCS 14/15. (Compl. ¶ 6.)

## I.     FACTUAL BACKGROUND

### A.     The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of people within the state of Illinois. (Compl., ¶ 34.)  During the relevant period, Defendant implemented a biometric face scanning program for identification and age verification purposes. (Compl. ¶¶ 20-22, 24.) Defendant required Plaintiff to use its system to capture her biometrics to verify her age. (Compl. ¶¶ 25, 26.) Defendant uses identity and age verification technology to capture, collect, store, and disseminate Plaintiff's and other Class member's biometrics. (Compl. ¶¶ 26, 27.)

However, Defendant failed to obtain informed consent from Plaintiff prior to capturing and collecting her biometrics, and Defendant did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties. (Compl. ¶¶ 27, 28, 43-45). Despite its practice of taking biometrics of every individual who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information. (Compl. ¶¶ 31, 47).

### B.     The Proposed Class

Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

 (Compl. ¶ 32.) As explained below, the proposed Class satisfies each of the four requirements for

certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## II.   ARGUMENT

### A.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc*., 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is impracticable.
> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)   The representative parties will fairly and adequately protect the interest of the class.
> (4)   The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the

Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.    The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon*

*v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least hundreds of members of the Class. (Compl. ¶¶ 14, 34.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc.*

*v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class; whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected and used before collecting such biometrics; whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent; whether Defendant's conduct violates BIPA; whether Defendant's violations of BIPA are willful or reckless; whether Defendant's violations of BIPA are negligent; and whether Plaintiff and other Class members are entitled to damages and injunctive relief. (Compl. ¶ 36.) As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without retaining a written release from them and without providing a written disclosure to them. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.    Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d

at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, she was subjected to Defendant's biometric face scanning technology and that Defendant captured, collected, stored, and disseminated her biometrics. Plaintiff has also alleged that Defendant did so without complying with the BIPA's requirements. Plaintiff's pursuit of this matter against Defendant demonstrates that she will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell &*

*Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometrics. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

III.    <u>**CONCLUSION**</u>

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: November 30, 2022                          Respectfully Submitted,

                                                            O.C., a Minor, by and through her Guardian
ALLISON PAPE, individually and on behalf of all
similarly situated individuals

                                                            By:    /s/ Andrew T. Heldut
                                                                *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Colin P. Buscarini (ARDC #6332509)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## **CERTIFICATE OF FILING**

The undersigned, an attorney, hereby certifies that on November 30, 2022, a copy of

*Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling*

*Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

 /s/ Andrew T. Heldut