## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| O.C., a Minor, by and through her Guardian ALLISON PAPE, individually and on behalf of all similarly situated individuals,<br><br>   *Plaintiff,*<br><br>   v.<br><br>YOTI (USA) INC., a California corporation,<br><br>   *Defendant.* | Case No. 3:22-cv-03105<br><br>Hon. Nancy J. Rosenstengel |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff O.C., a Minor, by and through her Guardian Allison Pape ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this First Amended Class Action Complaint against Defendant Yoti (USA) Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case is about an internet-based identity and age verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3. In an effort to facilitate identity and age verification for its customers who require swift verification and onboarding solutions, Defendant collects consumers' biometrics in the form of facial scans so that Defendant can verify their ages and identities.

4. Consumers who seek to purchase and/or use services from Defendant's customers are required to undergo Defendant's identity and age-verification process. This involves undergoing a biometric-reliant liveness detection check where users, using their phone or computer's camera, are asked to make simple movements on video (i.e. take a "video selfie") such as turning their head left or right to help detect whether the user is a real person.

5. Using the video selfie, Defendant's liveness detection check performs a face scan and extracts a biometric template from the user. Defendant then applies further facial biometric analysis to the user's facial image in order to return an age verification. Together, these processes enable Defendant to conduct both identity verification and age verification on behalf of its clients ("Age Estimation and Anti-Spoofing").

6. Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial scans, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

    a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

    b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

    c. receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

7. In addition, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c), (d).

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

9. Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

10. BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold his/her most sensitive information and on what terms.

11. BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates

the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

12. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial scanning program.

13. Defendant collects facial scans of its customers' users in Illinois without first obtaining those individuals' informed written consent and without providing written disclosures regarding its purpose for collecting their biometrics and disclosing its retention practices, as required by BIPA.

14. Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing her biometrics, and those of hundreds of other consumers throughout the state of Illinois.

15. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

16. Defendant Yoti (USA) Inc. is a California corporation that conducts business throughout Illinois.

17. Plaintiff is a natural person and a resident of Illinois.

## JURISDICTION AND VENUE

18. This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

19. This Court may assert personal jurisdiction over Defendant, because Defendant is knowingly doing business within this State and knowingly transacts business within this State such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions when Defendant obtained biometric data in Illinois from Illinois residents, including Plaintiff. Indeed, based on technical data obtained from its customers' users' devices, the users' IP addresses and domain names, and geographic location, Defendant knows when it is interacting with, and collecting biometric data from, Illinois residents.

## FACTUAL BACKGROUND

20. In order to provide its clients with identity and age verification services, Defendant developed various proprietary biometrically-enabled Application Programming Interfaces (or "APIs").

21. Defendant incorporates its identify and age verification platforms into its clients' mobile or internet-based applications, where it collects and analyzes individuals' facial biometrics in order to verify their identities and ages.

22. Defendant's technology performs identity and age verification by requiring the user to undergo a liveness check by providing a "video selfie," *i.e.* a live picture of the user's face, from which Defendant obtains the user's facial biometric template through a facial scan. Defendant then performs further facial analysis via its neural networks and confirm the age of the user. These processes are both integrated into one of Defendant's API products called "Age Estimation and Anti-Spoofing."

23. In fact, Defendant admits to using and processing biometrics, including facial scan data, for its Age Estimation and Identity Verification products.[1] Defendant states that biometric templates are generated by these products and may require deletion.[2]

24. In 2022, Instagram, one of Defendant's clients doing business in Illinois that requires fast onboarding and age verification processes for its users, started requiring certain account users (many of whom are minors) to undergo an identity, age, and liveness verification process.

25. In the summer of 2022, Plaintiff, while in Illinois, submitted a "video selfie" to Defendant's identity and age verification platform integrated into Instagram's mobile application. Plaintiff was presented with a series of screens similar to the below:

---

[1] https://www.yoti.com/terms/biometrics-policy-us/ [last accessed March 3, 2023].
[2] https://www.yoti.com/terms/age-verification/organisations/ [last accessed on March 3, 2023].



26.     Using its proprietary facial scanning technology, Defendant collected, stored, and analyzed Plaintiff's biometric facial template, and also collected, stored and analyzed her biometric information to verify her age.

27.     On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third parties, including vendors and contractors it uses for data processing and data storage purposes, but Defendant failed to obtain Plaintiff's consent to do so as required by 740 ILCS 14/15(d).

28.     Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection or capture of her biometrics as required by 740 ILCS 14/15(b). Defendant also failed to provide Plaintiff with written disclosures informing her of the specific purpose and length of term for which her biometrics were being collected.

29.     Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiff and the other Class members, as, on information and belief, Defendant is paid by its clients on a per-biometric-verification basis, such that Plaintiff's and other

7

Illinois residents' biometric data is an essential element of Defendant's business, in violation of 740 ILCS 14/15(c).

30. Defendant's violations of BIPA are particularly egregious because Defendant advises prospective clients about privacy laws and regulations. Thus, Defendant knows that its collection of sensitive personal information such as biometrics subjects it to privacy laws like BIPA, but Defendant has nonetheless failed to comply.

31. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

32. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action on her own behalf and on behalf of a class (the "Class") defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

33. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

34. Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

35. Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff

and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

36. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

   a. Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

   b. Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

   c. Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected and used before collecting such biometrics;

   d. Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;

   e. Whether Defendant's conduct violates BIPA;

   f. Whether Defendant's violations of BIPA are willful or reckless;

   g. Whether Defendant's violations of BIPA are negligent; and

   h. Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

37. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

9

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

38. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

39. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,
### (On behalf of Plaintiff and the Class)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant is a private entity under BIPA.

42. As described above, Plaintiff and the Class members had their biometric identifiers, in the form of their facial scan, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.

43. Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity and age verification service without obtaining their informed written consent and without complying with BIPA.

44. Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their written consent to do so.

45. Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

   a. Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c. Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d. Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3); and

   e. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

46. As alleged herein, Defendant also unlawfully profited from the facial biometrics it obtained from its clients, including Plaintiff and the other Class members, as Defendant was paid by its clients for their use of Defendant's biometric verification platform on a per-verification

basis, such that biometrics constituted a necessary element of Defendant's for-profit model. 740 ILCS 14/15(c).

47. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff their respective rights to biometric information privacy, as set forth in BIPA.

48. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

49. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Defendant knows that its business model and collection of sensitive consumer data subject it to various privacy regimes, but Defendant has nonetheless ignored BIPA's requirements. Alternatively, Defendant negligently failed to comply with BIPA's disclosure and consent requirements.

50. Accordingly, with respect to Count I, Plaintiff, on behalf of herself through her Guardian, and the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

    c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

    d.    Awarding statutory damages in excess of $50,000, including $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2), and $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

    e.    Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    f.    Awarding pre- and post-judgment interest, as allowable by law; and

    g.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 21, 2023            Respectfully submitted,

O.C., a Minor, by and through her Guardian ALLISON PAPE, individually and on behalf of all similarly situated individuals

By:    /s/ Timothy P. Kingsbury
         *One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*