## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| O.C., a Minor, by and through her Guardian ALLISON PAPE, individually and on behalf of all similarly situated individuals,<br><br>                     Plaintiff,<br><br>v.<br><br>YOTI (USA) INC., a California corporation,<br><br>                     Defendant. | Case No.: 3:22-cv-03105 |

## <u>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>

Defendant, Yoti (USA) Inc., submits its Answer and Affirmative Defenses to Plaintiffs' First Amended Class Action Complaint and states as follows:

### INTRODUCTION

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

**ANSWER:      Paragraph 1 contains a legal conclusion that does not require an answer. To the extent an answer is required Defendant admits that the referenced statute exists but denies any breach thereof.**

2.      This case is about an internet-based identity and age verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights

that BIPA protects.

**ANSWER:    Defendant denies the allegations and legal conclusions in Paragraph 2.**

3.      In an effort to facilitate identity and age verification for its customers who require swift verification and onboarding solutions, Defendant collects consumers' biometrics in the form of facial scans so that Defendant can verify their ages and identities.

**ANSWER:    Defendant admits that it facilitates facial age estimation services for its customers, but denies the remaining allegations in Paragraph 3.**

4.      Consumers who seek to purchase and/or use services from Defendant's customers are required to undergo Defendant's identity and age-verification process. This involves undergoing a biometric-reliant liveness detection check where users, using their phone or computer's camera, are asked to make simple movements on video (i.e. take a "video selfie") such as turning their head left or right to help detect whether the user is a real person.

**ANSWER:    Defendant admits to providing facial age estimation services for its clients but only after that user consents in writing to providing a "video selfie". Defendant denies the remaining allegations in Paragraph 4.**

5.      Using the video selfie, Defendant liveness detection check performs a face scan and extracts a biometric template from the user. Defendant then applies further facial biometric analysis to the user's facial image in order to return age verification. Together, these processes enable Defendant to conduct both identity verification and age verification on behalf of its clients ("Age Estimation and Anti-Spoofing").

**ANSWER:    Defendant  denies the allegations in Paragraph 5.**

6.      Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens'

biometrics. BIPA provides, inter alia, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial scans, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

    A.  Inform that person in writing that biometric identifiers or biometric information will be collected or stored;

    B.  Inform that person in writing of the specific purpose and length of term which such biometric identifiers or biometric information is being collected, stored and used; and

    C.  Receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

**ANSWER:** **Defendant denies that Plaintiff has accurately summarized 740 ILCS 14/15(b)(1)-(3) and denies the legal conclusions and allegations in Paragraph 6, including all subparts.**

7.     In addition, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c), (d).

**ANSWER:** **Defendant denies that Plaintiff has accurately summarized 740 ILCS 14/15(c)&(d) and denies the legal conclusions & any remaining allegations in Paragraph 7.**

8.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

**ANSWER:** **Defendant admits Plaintiff seeks the remedies stated in Paragraph 8 but denies that it violated BIPA, denies that a cause of action exists and also denies all remaining allegations in Paragraph 8.**

9.     Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the

electronic equivalent.

**ANSWER:**     **Defendant denies allegations in Paragraph 9.**

10.     BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an informed decision when electing to provide or withhold his/her most sensitive information and on what terms.

**ANSWER:**     **Defendant denies the legal conclusions and allegations in Paragraph 10.**

11.     BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers prior to collecting their biometrics, which allows consumers the opportunity to make an informed choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

**ANSWER:**     **Defendant admits that BIPA creates a private right of action for lack of statutory compliance but denies the legal conclusions and remaining allegations in Paragraph 11.**

12.     Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected private rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial scanning program.

**ANSWER:**     **Defendant denies the allegations in Paragraph 12.**

13.     Defendant collects facial scans of its customers' users in Illinois without first obtaining those individuals' informed written consent and without providing written disclosures regarding its purpose for collecting their biometrics and disclosing its retention practices, as required by BIPA.

**ANSWER:**    **Defendant denies the allegations in Paragraph 13.**

14.    Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing her biometrics, and those of hundreds of other consumers throughout the state of Illinois.

**ANSWER:**    **Defendant admits that Plaintiff purports to bring this action for damages and other legal and equitable remedies, but it denies that plaintiff is entitled to any such relief and denies the remaining allegations in Paragraph 14.**

15.    On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**ANSWER:**    **Defendant admits Plaintiff seeks the relief stated in Paragraph 15 but denies that it does not comply with BIPA, denies that a cause of action exists, denies that Plaintiff and the proposed class are entitled to any of the relief sought and denies all other remaining allegations in Paragraph 15.**

**PARTIES**

16.    Defendant Yoti (USA) Inc. is a California corporation that conducts business throughout Illinois.

**ANSWER:**    **Defendant admits it is a California Corporation that provides business to global customers. .**

17. Plaintiff is a natural person and a resident of Illinois.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, therefore Defendant denies the allegations in Paragraph 17.**

**JURISDICTION AND VENUE**

18.    This Court may assert subject matter jurisdiction over this matter pursuant to the

Class Action Fairness Act, 28 U.S.C. § 1332(d) et seq., because this case is a class action in which

the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs;

there are greater than 100 putative class members; at least one putative class member is a citizen

of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

**ANSWER:    Defendant admits that, based on the allegations pled in Paragraph 18, the Court has jurisdiction under the Class Action Fairness Act and on diversity of citizenship. Defendant denies that this case should or could be properly certified as a class, and denies that it violated BIPA. Defendant lacks information or knowledge sufficient to form a belief as to the truth of any remaining factual allegations in Paragraph 18.**

19.    This Court may assert personal jurisdiction over Defendant, because Defendant is

knowingly doing business within this State and knowingly transacts business within this State

such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of

Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and

because Plaintiff's claim arise out of Defendant's unlawful in-state actions when Defendant

obtained biometric data in Illinois from Illinois residents, including Plaintiff. Indeed, based on

technical data obtained from its customers' users' devices, the users' IP addresses and domain

names, and geographic location, Defendant knows when it is interacting with, and collecting

biometric data from, Illinois residents.

**ANSWER:    Defendant denies the allegations in Paragraph 19.**

## FACTUAL BACKGROUND

20.    In order to provide its clients with identity and age verification services, Defendant

developed various proprietary biometrically-enabled Application Programming Interfaces (or

"APIs").

**ANSWER:      Defendant admits the allegations in Paragraph 20.**

21.      Defendant incorporates its identity and age verification platforms into its clients' mobile or internet-based applications, where it collects and analyzes individuals' facial biometrics in order to verify their identities and ages.

**ANSWER:      Defendant admits it performs facial age estimation services for some of its clients but denies the remaining allegations in Paragraph 21.**

22.      Defendant's technology performs identity and age verification by requiring the user to undergo a liveness check by providing a "video selfie," *i.e.* a live picture of the user's face, from which Defendant obtains the user's facial biometric template through a facial scan. Defendant then performs further facial analysis via its neural networks and confirms the age of the user. These processes are both integrated into one of Defendant's API products called "Age Estimation and Anti-Spoofing."

**ANSWER:      Defendant admits that it performs facial age estimation services for some of its clients but denies the remaining allegations in Paragraph 22.**

23.      In fact, Defendant admits to using and processing biometrics, including facial scan data for its Ages Estimation and Identity Verification products. Defendant states that the biometric templates are generated by these products and may require deletion.

**ANSWER:      Defendant admits providing facial age estimation services for some of its clients but denies the remaining allegations in Paragraph 23.**

24.      In 2022, Instagram, one of Defendant's clients doing business in Illinois that requires fast onboarding and age verification processes for its users, started requiring certain account users (many of whom are minors) to undergo an identity, age, and liveness verification process.

**ANSWER:     Defendant denies the allegations in Paragraph 24.**

25.     In the summer of 2022, Plaintiff, while in Illinois, submitted a "video selfie" to Defendant's identity and age verification platform integrated into Instagram's mobile application. Plaintiff was presented with a series of screens similar to the below:



**ANSWER:     Defendant denies the allegations in paragraph 25.**

26.     Using its proprietary facial scanning technology, Defendant collected, stored, and analyzed Plaintiff's biometric facial template, and also collected, stored and analyzed her biometric information to verify her age.

**ANSWER:     Defendant denies the allegations in Paragraph 26.**

27.     On information and belief, Defendant then disclosed and/or disseminated Plaintiff's

biometric data to third parties, including vendors and contractors it uses for data processing and data storage purposes, but Defendant failed to obtain Plaintiff's consent to do so as required by 740 ILCS 14/15(d).

**ANSWER:      Defendant denies the allegations in Paragraph 27.**

28.      Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection or capture of her biometrics as required by 740 ILCS 14/15(b). Defendant also failed to provide Plaintiff with written disclosures informing her of the specific purpose and length of term for which her biometrics were being collected.

**ANSWER:      Defendant denies the allegations in Paragraph 28.**

29.      Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiff and the other Class members, as, on information and belief, Defendant is paid by its clients on a per-biometric-verification basis, such that Plaintiff's and other Illinois residents' biometric data is an essential element of Defendant's business, in violation of 740 ILCS 14/15(c).

**ANSWER:      Defendant denies the allegations in Paragraph 29.**

30.      Defendant's violations of BIPA are particularly egregious because Defendant advises prospective clients abouts privacy laws and regulations. Thus, Defendant knows that its collection of sensitive personal information such as biometrics subjects it to privacy laws like BIPA, but Defendant has nonetheless failed to comply.

**ANSWER:      Defendant denies the allegations in Paragraph 30.**

31. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

**ANSWER:** **Defendant denies the allegations in Paragraph 31.**

## CLASS ALLEGATIONS

32. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action on her own behalf and on behalf of a class (the "Class") defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

**ANSWER:** **Defendant admits that Plaintiff purports to bring this action on behalf of and seeks to represent a class as defined in Paragraph 32, but denies that Plaintiff is a suitable class representative, denies that a class can be certified, and denies the remaining allegations in Paragraph 32.**

33. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

**ANSWER:** **Defendant admits that Plaintiff seeks to exclude the enumerated groups from its class definition, but denies that this case is appropriate for class certification and denies the remaining allegations in Paragraph 33.**

34. Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

**ANSWER:** **Defendant denies the allegations in Paragraph 34.**

35. Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other

members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. All alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

**ANSWER:**     **Defendant denies the allegations in Paragraph 35.**

36.     There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any question that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

b. Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

c. Whether Defendant provided a written disclosures to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected and used before collecting such biometrics;

d. Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;

e. Whether Defendant's conduct violates BIPA;

f. Whether Defendant's violations of BIPA are willful or reckless;

g. Whether Defendant's violations of BIPA are negligent; and

h. Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

**ANSWER:**     **Defendant denies the allegations in Paragraph 35, including all subparts.**

37.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy.  The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes

consistency and efficiency of adjudication.

**ANSWER:**     **Defendant denies the allegations in Paragraph 37.**

38.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

**ANSWER:**     **Defendant denies the allegations in Paragraph 38.**

39.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**ANSWER:**     **Defendant denies the allegations in Paragraph 39.**

### COUNT I
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq.,
(On behalf of Plaintiff and the Class)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:**     **Defendant incorporates its responses to the foregoing allegations as if fully set forth herein.**

41. Defendant is a private entity under BIPA.

**ANSWER:**     **Defendant admits the allegations in Paragraph 41.**

42.     As described above, Plaintiff and the Class members had their biometric identifiers, in the form of their facial scan, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.

**ANSWER:     Defendant denies the allegations in Paragraph 42.**

43.     Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' through its biometric identity and age verification service without obtaining their informed written consent and without complying with BIPA.

**ANSWER:     Defendant denies the allegations in Paragraph 43.**

44.     Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their written consent to do so.

**ANSWER:     Defendant denies the allegations in Paragraph 44.**

45.     Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

    a.  Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b.  Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c.  Defendant failed to obtain a witness release from Plaintiff and the Class members,

as required by 740 ILCS 14/15(b)(2);

d.  Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3); and

e.  Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics to third parties, as required by 740 ILCS 14/15(d)(1).

**ANSWER:    Defendant denies the allegations in Paragraph 45, including all subparts.**

46.    As alleged herein, Defendant also unlawfully profited from the facial biometrics it obtained from its clients, including Plaintiff and the other Class members, as Defendant was paid by its clients for their use of Defendant's biometric verification platform on a per-verification basis, such that biometrics constituted a necessary element of Defendant's for-profit model. 740 ILCS 14/15(c).

**ANSWER:    Defendant denies the allegations in Paragraph 46.**

47.    By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff their respective rights to biometric information privacy, as set forth in BIPA.

**ANSWER:    Defendant denies the allegations in Paragraph 47.**

48.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

**ANSWER:    Defendant denies the allegations in Paragraph 48.**

49.    Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single

sheet of paper on a single webpage screen. Defendant knows that its business model and collection of sensitive consumer data subject it various privacy regimes, but Defendant has nonetheless ignored BIPA's requirements. Alternatively, Defendant negligently failed to comply with BIPA's disclosure and consent requirements.

**ANSWER:     Defendant denies the allegations in Paragraph 49.**

50.     Accordingly, with respect to Count I, Plaintiff, on behalf of herself through her Guardian, and the proposed Class, prays for relief set forth below.

**ANSWER:     Defendant admits that Plaintiff seeks the relief set forth in her Prayer for Relief, but denies that she or the putative class are entitled to any such relief and denies the remaining allegations in Paragraph 50.**

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, and reserving all rights to assert additional defenses, Defendant Yoti (USA) Inc. ("Defendant"), by its attorneys, states as follows:

1.     Plaintiff has failed to state a claim upon which relief can be granted, including because Plaintiff is not an "aggrieved" individual under BIPA because she allegedly voluntarily used Yoti's age estimation services and consented to the conduct alleged in the Complaint.

2.     Plaintiff lacks standing to sue for her claims, in whole or in part, under the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14.1 *et seq*, including because Plaintiff consented to the conduct alleged in her Complaint, Plaintiff is not "aggrieved" under BIPA, and she has suffered no harm as a result of the alleged conduct because she voluntarily selected and used Yoti's platform after being informed of the nature and purposes of Yoti's age estimation services and consented to use the services.

3.      Plaintiff's claims, as well as those of the putative class, are barred because Plaintiffs, the putative class members, and/or their legally authorized representatives, voluntarily participated in the conduct alleged in the Class Action Complaint, including but not limited to using Yoti's platform and services when they knew or should have known of their rights under BIPA but did not assert their statutory rights before voluntarily engaging in the conduct alleged in the Class Action Complaint. The claims are therefore barred in whole or in part by the doctrine of waiver, estoppel, ratification, and/or acquiescence.

4.      Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because they were not customers of and had no relationship with Yoti.  Thus, Plaintiff, and the putative class members, were entirely unknown to Yoti. BIPA does not apply in this circumstance because there is nothing Yoti could have realistically done in order to be compliant with BIPA regarding individuals who are unknown to it.  *See, e.g. Rosenbach v. Six Flags Entertainment Corporation*, 432 Ill. Dec. 654, 664 (2019).  Further, Illinois follows the construction principle that presumes that the legislature did not intend absurd, inconvenient, or unjust results. *Solon v. Midwest Records Association*, Inc., 338 Ill. Dec. 907, 911-912 (2010).

5.      Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because BIPA is preempted by federal law, including that Plaintiff's application of BIPA violates the Dormant Commerce Clause because BIPA regulates and infringes upon commercial conduct that occurs in States other than Illinois.

6.      Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because BIPA is unconstitutional special legislation under Article IV, Section 13 of the Illinois Constitution in that it arbitrarily exempts broad sectors of the economy from its requirements with no rational reason for doing so.

7.      Plaintiff and the putative class members seek improper damages in violation of the United States Constitution, the Illinois Constitution and other applicable law. Any award of statutory damages as alleged and sought herein would be impermissibly punitive and would constitute an unconstitutional penalty, in violation of the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Illinois Constitution and potentially the Constitutions of other states.

8.      Plaintiff's claims and the claims of putative class members are barred, in whole or in part, because all or part of the damages alleged, if any, were caused by the acts or omissions of persons or entities other than the Defendant (including, without limitation, the acts or omissions of Plaintiff and the putative class members or persons who acted on their behalf), for whose conduct Defendant is not legally responsible.

9.      Plaintiff's claims are not suitable for class treatment under Federal Rule of Civil Procedure 23 because neither Plaintiff nor their counsel can adequately represent the interests of the putative class, including because an actual or potential conflict of interest exists between Plaintiff/the putative class and putative class counsel.

10.      Upon information and belief, Plaintiff and/or members of the putative class failed to mitigate their alleged damages. Plaintiff and/or members of the putative class consented to Yoti's allegedly improper conduct and then failed to seek to learn from Yoti the status of their alleged biometrics (or indeed, whether biometric identifiers were being collected in the first place), request that such alleged biometrics be destroyed, or engage in any other mitigating conduct, before bringing this lawsuit. To the extent the Plaintiff and/or members of the putative class failed to mitigate their damages, any damages awarded should be limited or reduced accordingly.

11.     The claims are barred in whole or in part by Yoti's good faith, and its absence of negligent, reckless, or intentional conduct. To the extent that BIPA applies to Yoti's conduct as alleged in the Class Action Complaint, Yoti is not liable because it relied in good faith upon a reasonable interpretation of BIPA's statutory language, and because of Yoti's belief that it was not capturing, collecting, retaining, disseminating, or otherwise using consumers' biometrics.

12.     The Class Action Complaint and each purported cause of action alleged therein is barred in whole or in part because Yoti's conduct was not the actual or proximate cause of any injury or loss suffered by Plaintiff and/or members of the putative class, and the alleged damages were caused in whole or in part by the acts and/or omissions of persons or entities for whom Yoti is not legally responsible. Therefore, any damages awarded must be apportioned or reduced to the extent that such damages are attributable to or caused by persons or entities other than Yoti.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Yoti (USA), Inc., respectfully requests that the Court dismiss Plaintiff's Class Action Complaint with prejudice, enter a judgment in Defendant's favor on each of its Affirmative Defenses, in whole or in part, tax all costs and expenses against Plaintiff and her counsel, jointly and severally, declare Defendant the "prevailing party" in this litigation and award Defendant its reasonably attorney's fees, costs, and expenses incurred in defending this action pursuant to law or 740 LCS 14/20, and award all further relief in favor of Defendant as the Court deems just and proper.

Date:  April 4, 2023                              Respectfully Submitted,


                                                  By:*/s/ Thomas M. Wolf*
                                                  One of the attorneys for Yoti (USA) Inc.

Thomas M. Wolf (ARDC No. 6314294 )(*admitted pro hac vice*)
Cameron T. Liljestrand (ARDC No. 6336262)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312.345.1718
Thomas.Wolf@lewisbrisbois.com
Cameron.Liljestrand@lewisbrisbois.com

## AFFIDAVIT IN SUPPORT OF WANT OF KNOWLEDGE

I, THOMAS M. WOLF one of the attorneys for the Defendant Yoti (USA) Inc., pursuant to Section 2-610(b) of the Code of Civil Procedure, being duly sworn under oath depose and state that Defendant has no knowledge sufficient to form a belief thereof as to the truth of the allegations contained in those Paragraphs of the Answer to Plaintiff's Complaint answered by Defendant as having want of knowledge as set forth more fully in Defendant's Answer to Plaintiff's Complaint. I further state, that the statements made in the foregoing Answer to Plaintiff's Complaint as to the want of knowledge sufficient to form a belief are true and that as one of the attorneys for Defendant and Yoti (USA) Inc., in the cause herein I am duly authorized to make this Affidavit on behalf of Defendant Yoti (USA) Inc..


*/s/ Thomas M. Wolf*_____
Attorney


SUBSCRIBED & SWORN to
before me this  4th  day
of  April, 2023

/s/ Jennifer L. Huerta
Notary Public
My Commission expires: September 26, 2026

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and complete copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system on this 4th day of April 2023, which will send electronic notification to the attorneys of records at the email addresses on file with the Court.


*<u>s/ Thomas M. Wolf</u>*